IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| UMC PHYSICIANS' BARGAINING UNIT OF NEVADA SERVICE EMPLOYEES UNION, SEIU LOCAL 1107, AFL-CIO, CLC, AN EMPLOYEE ORGANIZATION; DEBORAH BOLAND, M.D.; JOEL CANGA, M.D.; EDGAR L. COX, M.D.; ANDREA FONG, D.O.; NEIL W. GOODSELL, M.D.; DEBORAH GOODWIN, M.D.; MARIA MARTINEZ, M.D.; JOHN NEPOMUCENO, M.D.; GEORGE OEHLSEN, D.O.; ARDESHIR ROHANI, M.D.; ERNESTO RUBIO, M.D.; TIMOTHY SCHRADER, M.D.; RONALD TAYLOR, M.D.; BRADLEY WALKER, M.D.; AND MICHAEL S. TANNER AS SPECIAL ADMINISTRATOR OF THE ESTATE OF STERLING TANNER, M.D., AS INDIVIDUAL LOCAL GOVERNMENT EMPLOYEES AND MEMBERS OF THE UMC PHYSCIANS' BARGAINING UNIT OF NEVADA SERVICE EMPLOYEES UNION, SEIU LOCAL 1107, AFL-CIO, CLC, <br> Appellants, <br> vs. <br> NEVADA SERVICE EMPLOYEES UNION, SEIU LOCAL 1107, AFL-CIO, A NONPROFIT COOPERATIVE CORPORATION, <br> Respondent. | No. 85446 <br><br> FILED <br><br> NOV 07 2022 <br><br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY _____ <br> DEPUTY CLERK |

### ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion for summary judgment. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

On October 7, 2022, respondent filed a motion to dismiss this appeal for lack of jurisdiction. Respondent asserts that the appeal is premature because appellants timely filed a motion for reconsideration that

22-34890

sought relief under NRCP 52(b) and NRCP 59 and the district court has not yet resolved the motion. Appellants oppose the motion, arguing that the notice of appeal is not premature because they filed the notice of appeal after the written judgment was entered. Appellants argue that even if their motion for reconsideration is considered a tolling motion, under NRAP 4(a)(6), upon entry of the district court order resolving the motion for reconsideration, jurisdiction will be properly vested in this court.

The record before this court demonstrates appellants filed the notice of appeal after filing the motion for reconsideration. The motion for reconsideration was a timely filed tolling motion under NRAP 4(a)(4). *See AA Primo Builders v. Washington*, 126 Nev. 578, 245 P.3d 1190 (2010) (a motion for reconsideration may be considered a tolling motion to alter or amend). The tolling motion has not yet been resolved. A timely tolling motion tolls the 30-day appeal period, and a notice of appeal is of no effect if it is filed after such a tolling motion is filed and before the district court enters a written order finally resolving the motion. *See* NRAP 4(a)(4). Further, "[t]his court may dismiss as premature a notice of appeal filed after the oral pronouncement of a decision or order but . . . before entry of the written disposition of the last-remaining timely motion listed in Rule 4(a)(4)." NRAP 4(a)(6). Accordingly, we conclude this court lacks jurisdiction. The motion to dismiss is granted and we

ORDER this appeal DISMISSED.[1]

_____, J.
Cadish

_____, J.
Pickering

_____, Sr.J.
Gibbons

[1]The Honorable Mark Gibbons, Senior Justice, participated in this matter under a general order of assignment.

 

cc: Hon. Ronald J. Israel, District Judge
Stephen E. Haberfeld, Settlement Judge
Rodriguez Law Offices, P.C.
Christensen James & Martin
Eighth District Court Clerk

